**No. 25-30556**

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

Brandon Holloway,

Plaintiff - Appellant

v.

Procter & Gamble Manufacturing Company,

Defendant - Appellee

---

**On Appeal from**
United States District Court for the Western District of Louisiana
1:23-cv-01725

---

**REPLY BRIEF OF APPELLANT BRANDON HOLLOWAY**

---

Submitted By:
Allison A. Jones, T.A.
Downer, Jones, Marino & Wilhite, L.L.C.
401 Market Street, Suite 1250
Shreveport, LA 71101
(318) 213-4444
Fax (318) 213-4445

# TABLE OF CONTENTS

TABLE OF CONTENTS ..............................................................................i

TABLE OF AUTHORITIES.................................................................. iii

ARGUMENT ......................................................................................... 1

INTRODUCTION.................................................................................. 1

    A.    Standard of Review ...................................................................3

    B.    The District Court Misapplied Rule 56 at the Pretext Stage of the *McDonnell Douglas* Analysis ...............................................4

    C.    The Timing of Termination Decision Creates an Inference of Pretext....................................................................................... 7

    D.    The District Court Improperly Discounted Sworn Testimony as "Self-Serving" and Made Credibility Determinations .................9

    E.    Defendant P&G's reliance on the credit card incident is particularly suspect. ...............................................................12

    F.    Disputes Concerning the Application and Enforcement of the SAFE Policy. .........................................................................12

    G.    The District Court's Approach Effectively Imposed a Heightened Summary-Judgment Standard..................................................13

H.    Defendant P&G Raises No Basis to Affirm Dismissal of the

Whistleblower Claim. ...................................................................14

CONCLUSION ...................................................................................15

CERTIFICATE OF SERVICE..............................................................16

CERTIFICATE OF COMPLIANCE.......................................................17

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) .....................3, 14

*Ayodeji Awe v. Harris Health Sys.*, 2026 U.S. App. LEXIS 733,

2026 LX 58054, __ F.4th __, 2026 WL 83762 (January 2, 2026)..............1

*Chambliss v. Entergy Corp,* 2023 U.S. Dist. LEXIS 193005 (E.D.

La. October 27, 2023) .......................................................................11

*Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 98 S. Ct. 2943, 57

L. Ed. 2d 957 (1978) ...........................................................................4

*Guzman v. Allstate Assurance Co.* 18 F.4th 157 (5th Cir. 2021) ...........11

*Heinsohn v. Carabin & Shaw, P.C.,* 832 F.3d 224 (5th Cir. 2016) .....10

*Laxton v. Gap Inc.*, 333 F.3d 572 (5th Cir. 2003) .................................6

*McDonnell Douglas Corp. v Green,* 411 U.S. 792, 93 S.Ct. 1817,

36 L.Ed.3 668 (1973) ................................................................. 1, 4, 14

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000)passim

*SCA Productions, Inc. v. Yahoo!, Inc.*, 868 F.3d 378 (5th Cir. 2017) .....3

*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S. Ct. 2742, 125

L. Ed. 2d 407, (1993) ...........................................................................4

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)........................................................................................4

*U.S. Postal Serv. Bd. Of Governors v. Aikens*, 460 U.S. 711, 103 S. Ct. 1478, 75 L. Ed. 2d 403 (1983).............................................................4

*Watkins v. Tregre*, 997 F.3d 275 (5th Cir. 2021) ...................................8

**Statutes**

La. R.S. § 23:967..................................................................................14

**Other Authorities**

Eric S. Riester, *Making Sense of Pretext: An Analysis of Evidentiary Requirements for Summary Judgment Litigants in the Fifth Circuit in Light of Reeves v. Sanderson Plumbing Prodcuts, and a Proposal for Clarification.*, 34 St. Mary's L.J. (2002) ...................7

Michael J. Zimmer, "*Slicing & Dicing of Individual Disparate Treatment Law*," 61 La. L. Rev. 577, 591092 (2001) ...............................6

Sandra F. Sperino, "*Irreconcilable: McDonnell Douglas and Summary Judgment*," 102 N.C. La. Rev. 459, 483 (2024).......................5

**Rules**

Fed. R. Civ. P. 50(a) ...........................................................................1

Fed. R. Civ. P. 56............................................................... 2, 11, 13, 14

Fed. R. Civ. P. 56(a) ...............................................................3

Fed. R. Civ. P. 56(c)(4)...........................................................10

## ARGUMENT

## INTRODUCTION

This appeal turns on a single question: Whether the District Court improperly resolved disputed facts and made credibility determinations against Appellant/Plaintiff Brandon Holloway ("Plaintiff Holloway") for purposes of summary judgment at the pretext stage of the analysis of *McDonnell Douglas Corp. v Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.3 668 (1973).[1] The District Court expressly found that Plaintiff Holloway satisfied his prima facie burden for both race discrimination and retaliation. ROA.342-353. Having made that finding, summary judgment could be affirmed only if no reasonable jury could disbelieve Appellee/ Defendant Procter & Gamble Manufacturing Company's ("Defendant

---

[1]     Plaintiff Holloway spent much of the Opening Brief discussing the District Court's failure to apply Federal Rule of Civil Procedure 50(a) and critiquing the continued applicability of *McDonnell Douglas v Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.3 668 (1973). Since filing the Opening Brief the chorus calling for reconsideration of the *McDonnell Douglas* burden shifting at the summary judgment stage of litigation has only amplified. See, e.g. *Ayodeji Awe v. Harris Health Sys.*, 2026 U.S. App. LEXIS 733, 2026 LX 58054, __ F.4th __, 2026 WL 83762 (January 2, 2026) concurrence by Chief Judge Jennifer Elrod, "I write to join the resounding chorus calling for a reconsideration of *McDonnell Douglas v Green,* 411 U.S. 792 (1973) especially as applied at summary judgment" and cases cited therein. Plaintiff Holloway's case is one that illustrates the problem of the *McDonnell Douglas* burden shifting mechanism perfectly. Still, as shown in the both the Opening Brief and this Reply Brief, even applying the *McDonnell Douglas* burden shifting mechanism, summary judgment in this case should not have been granted.

P&G") proffered reasons for termination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147–48 (2000). As shown by Plaintiff Holloway, that is not this case.

Instead of asking whether the evidence, viewed in Plaintiff Holloway's favor, would permit an inference that Defendant P&G's stated reasons were not the true reasons for his termination, the District Court weighed competing evidence, discounted Plaintiff Holloway's sworn testimony as "self-serving," and credited Defendant's P&G's version of disputed events. In doing so, the court departed from Federal Rule of Civil Procedure 56 and controlling Supreme Court and Fifth Circuit precedent.

As shown in the Opening Brief and herein, the record shows that Defendant P&G: (1) knew of the alleged credit-card misuse months before termination, (2) advised Plaintiff Holloway that termination was not expected, and (3) escalated discipline only after Holloway engaged in protected activity. The record also contains genuine disputes concerning the application and enforcement of Defendant P&G's SAFE procurement policy as Plaintiff Holloway denies a violation with a competent narrative explanation of what occurred and/or because similarly situated

employees were treated differently. Moreover in addition to the timing of the adverse actions, the adverse action was taken without following Defendant P&G's progressive discipline policy and by persons with knowledge of Plaintiff Holloway's protected activity. These facts are classic indicators of pretext, and they are classic jury questions.

Because a reasonable jury could conclude that Defendant P&G's stated reasons were not its real reasons, summary judgment on Plaintiff Holloway's discrimination and retaliation claims must be reversed.

## A.    Standard of Review

A grant of summary judgment is reviewed *de novo*, applying the same standards as the district court. *SCA Productions, Inc. v. Yahoo!, Inc.*, 868 F.3d 378, 381 (5th Cir. 2017). Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a)*; Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). At this stage, courts may not weigh evidence or make credibility determinations. *Reeves, supra*, 530 U.S. 133, 150 (2000).

3

**B.     The District Court Misapplied Rule 56 at the Pretext Stage of the *McDonnell Douglas* Analysis**

Because Plaintiff Holloway produced no direct evidence of discrimination or retaliation, the District Court analyzed his claims under the *McDonnell Douglas* burden-shifting framework.[2] While *McDonnell Douglas, supra,* 411 U.S. 792, 802–04 (1973) is currently under attack, even if it is properly applied here, it is important to note that the United States Supreme Court has expressly admonished that unlike the analysis suggested in footnote 54 of Defendant P&G's Response Brief, the *McDonnell Douglas* test was "never intended to be rigid, mechanized, or ritualistic" See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577, 98 S. Ct. 2943, 57 L. Ed. 2d 957 (1978)); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S. Ct. 2742, 125 L. Ed. 2d 407, (1993) (quoting same); *U.S. Postal Serv. Bd. Of Governors v. Aikens*, 460 U.S. 711, 715, 103 S. Ct. 1478, 75 L. Ed. 2d 403 (1983) (quoting same). Further, as noted by one commentator "judges

---

[2]     See Plaintiff Holloway's Opening Brief and footnote 1 of this Reply Brief for criticism of the continuity of *McDonnell Douglas* burden shifting scheme at the summary judgment stage.

4

often forget that the plaintiff is not required to rebut the defendant's articulated reason to survive summary judgment. Instead the plaintiff's claim should be allowed to proceed if a reasonable jury could find the plaintiff's favor on the underlying claim." See, Sandra F. Sperino, "*Irreconcilable: McDonnell Douglas and Summary Judgment*," 102 N.C. La. Rev. 459, 483 (2024)

Here, the District Court correctly found that Plaintiff Holloway satisfied his prima facie burden for both discrimination and retaliation. ROA.342-353. It, thus, was incumbent on Defendant P&G to articulate legitimate business reasons. This is where the District Court let the articulated reason take over its view of the case. The District Court fell into the trap of forgetting that Plaintiff Holloway was not required to rebut the Defendant P&G's articulated reason. At this point, the only remaining question was whether a reasonable jury could find that Defendant P&G's proffered reasons (misuse of a corporate card and alleged SAFE procurement violations) were not the true reasons for his termination. *Reeves, 530* U.S. 133, 147–48 (2000).

The District Court additionally erred by discounting Plaintiff Holloway's evidence as "self-serving" (thus, judging credibility) and

requiring Plaintiff Holloway to *disprove* Defendant P&G's explanations. The proper question under *McDonnell Douglas* is whether the record permits an inference that those explanations were pretextual, particularly where timing, inconsistent discipline, and deviations from progressive discipline converged and when the decision makers had knowledge of the Plaintiff's protected activities.

At the pretext stage, the inquiry is not whether the employer's explanation is correct or persuasive, but whether the evidence, viewed in the light most favorable to the plaintiff, would permit a reasonable jury to disbelieve the employer's stated reasons and infer that discrimination or retaliation was the real motive. *Reeves*, 530 U.S. at 147–49; *Laxton v. Gap Inc.*, 333 F.3d 572, 578–80 (5th Cir. 2003). Here, it clearly was. Courts should not "slice and dice" a plaintiff's evidence to formulate an outcome they believe in without giving the case to the jury. See, Michael J. Zimmer, "*Slicing & Dicing of Individual Disparate Treatment Law*," 61 La. L. Rev. 577, 591092 (2001).

The District Court erred in its pretext analysis by departing from this standard in three material ways: (1) it discounted the Plaintiff's sworn testimony as "self-serving," necessarily making a credibility

determination; (2) it impermissibly resolved in the employer's favor a factual dispute concerning interpretation of an employment policy; (3) and it failed to take into account evidence that the disciplinary consequences for Plaintiff Holloway's alleged policy violation did not escalate to dismissal until after Plaintiff Holloway had engaged in protected conduct.[3]

## C.    The Timing of Termination Decision Creates an Inference of Pretext

Defendant P&G's own timeline undermines its asserted justification and supports a reasonable inference of pretext. The alleged misuse of a corporate credit card occurred in July 2022 and was known

---

[3]    Without analysis, Defendant P&G's Response Brief states that "Appellant [Plaitniff Holloway] has no evidence that creates a genuine dispute of material fact regarding pretext" (page 12). In making this statement, Defendant P&G discounts Holloway's deposition and declaration as "personal and subjective opinions" arguing that the same are "conclusory." First, Plaintiff Holloway relied on more than his deposition and declaration testimony for pretext evidence. In fact, he relied upon accepted methods of proving pretext such as timing, documents submitted by Defendant P&G that support Plaintiff Holloway's deposition testimony and declaration, Defendant P&G's failure to follow progressive discipline policies and knowledge of the decision makers of Plaintiff Holloway's protected activity. These are accepted methods of proving pretext. See, Eric S. Riester, *Making Sense of Pretext: An Analysis of Evidentiary Requirements for Summary Judgment Litigants in the Fifth Circuit in Light of Reeves v. Sanderson Plumbing Products, and a Proposal for Clarification.*, 34 St. Mary's L.J. (2002). Yet, even if Plaintiff Holloway had not provided this pretext evidence his deposition and declaration testimony alone were not "conclusory" but rather provided a narrative explanation of why the reasons proffered by Defendant P&G were false based upon his personal knowledge of the events.

to Defendant P&G by August 2022. Yet, Plaintiff Holloway was not terminated at that time. Instead, he was advised by Human Resources that termination was not warranted under Defendant P&G's progressive discipline framework because the charges had been repaid and he was not on disciplinary counseling, and Defendant P&G's documentary "evidence" supports this fact. ROA.180-181. ROA.280 (para. 8 -10).

Only after Plaintiff Holloway repeatedly complained of race discrimination and objected to regulatory violations -- culminating in his November 22, 2022 report -- did Defendant P&G reverse course and terminate him on December 6, 2022. ROA.180-181. ROA.280 (para. 8 - 10). Where an employer delays termination for months after learning of alleged misconduct and then escalates discipline only after protected activity, a reasonable jury may conclude that the stated reasons were not the real ones. *Watkins v. Tregre*, 997 F.3d 275, 284–85 (5th Cir. 2021).

This timing evidence is not offered in isolation. It is reinforced by the escalation of discipline. Conduct that Defendant P&G previously treated as warranting, at most, corrective action was suddenly recharacterized as terminable—without any intervening policy change or newly discovered misconduct. A reasonable jury could conclude that if the

policy violations had truly motivated the decision, termination would have occurred when the violations were discovered, not months later and immediately following Plaintiff Holloway's protected conduct. That sequence permits an inference that the asserted reasons explain the termination decision only retrospectively, not contemporaneously.

The District Court discounted this inference by focusing on whether Plaintiff Holloway actually violated policy rather than whether that alleged violation was the actual reason for termination. That framing misapplies the pretext inquiry. Even where an employee violated policy, summary judgment is improper if a reasonable jury could find that the violation was not the true reason for the adverse action. *Reeves,* 530 U.S. 133, 147–48 (2000).

**D.  The District Court Improperly Discounted Sworn Testimony as "Self-Serving" and Made Credibility Determinations**

Central to the District Court's ruling was its rejection of Plaintiff Holloway's deposition testimony and declaration on the ground that they were "self-serving" and unsupported by corroborating evidence. That approach is inconsistent with settled Fifth Circuit law.

A party's own sworn testimony, based on personal knowledge and containing specific factual assertions, constitutes competent summary-judgment evidence. Fed. R. Civ. P. 56(c)(4). Such testimony may create a genuine dispute of material fact even if uncorroborated. See *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 245–47 (5th Cir. 2016).

In *Heinsohn*, this Court reversed summary judgment where the district court rejected the plaintiff's testimony as "self-serving" and credited the employer's competing evidence. The Court explained that "[b]y choosing which testimony to credit and which to discard, the district court improperly weighed the evidence," and that treating employee testimony as inherently suspect would effectively prevent plaintiffs from ever surviving summary judgment when intent is disputed. 832 F.3d at 245.

Plaintiff Holloway testified, based on personal knowledge, regarding his communications with management and human resources, how Defendant P&G's policies were applied in practice, the timing and escalation of discipline, and the events leading to his termination. This

testimony was competent summary-judgment evidence.[4] As noted in Plaintiff Holloway's Opening Brief, the Fifth Circuit has unequivocally held "self-serving affidavits and depositions may create fact issues even if not supported by the rest of the record." *Guzman v. Allstate Assurance Co.* 18 F.4th 157, 160 (5th Cir. 2021). Here, as noted above, what sparce documentary evidence is supplied by Defendant P&G often supports Plaintiff Holloway's deposition and declaration. By rejecting Plaintiff Holloway's evidence as "self-serving" and crediting Defendant P&G's evidence as competing evidence, the District Court improperly weighed credibility and resolved factual disputes in favor of the moving party. That is precisely what Rule 56 forbids. *Reeves*, 530 U.S. at 150.

---

[4]    Defendant P&G characterizations of the deposition and declaration testimony of Plaintiff Holloway as "personal, subjective opinions" (page 12) and "nebulous, self-serving allegations" (page 15) are shown to be false by a cursory reading of the actual deposition and declaration testimony which is based on Plaintiff Holloway's personal knowledge and which provides narrative facts to support the material statements therein. In fact, the case relied upon by Defendant P&G to show otherwise, *Chambliss v. Entergy Corp,* 2023 U.S. Dist. LEXIS 193005 (E.D. La. October 27, 2023) makes it more than clear that "when assessing whether a dispute to any material fact exists, [the Court] consider(s) all of the evidence in the record but refrains from making credibility determinations or weighing the evidence" and further acknowledges that "summary judgment affidavits need not, however, use any magic language, provided the affiant's personal knowledge and competence are reasonable inferred from their positions and nature of the their participation in matters to which they swore."

11

**E.    Defendant P&G's reliance on the credit card incident is particularly suspect.**

Defendant P&G's reliance on the credit-card incident is particularly suspect when viewed in context. The alleged misuse occurred in July 2022 and was known to Defendant P&G by August 2022, yet Plaintiff Holloway was advised that termination was not expected under P&G's progressive discipline framework. ROA.180-181. ROA.280 (para. 8 -10). Only after Plaintiff Holloway engaged in protected activity did Defendant P&G recharacterize the same conduct as terminable. A reasonable jury could conclude that the credit-card rationale was not the true reason for discharge, but a justification invoked after the fact.

**F.    Disputes Concerning the Application and Enforcement of the SAFE Policy.**

Defendant P&G's SAFE procurement policy rationale fares no better. Plaintiff Holloway was previously disciplined in 2020 for alleged procurement violations and received a Level 1 corrective action—the lowest level of discipline. Plaintiff Holloway testified and declared that he did not further violate the SAFE policy as alleged at termination. ROA.280 (para. 8 -10). He was accused of having obtained two quotes, in violation of the policy. He explained that the first vendor he contacted

12

declined, and did not provide a quote. Pursuant to policy, he contacted the second vendor, who provided a quote. Defendant P&G claims its audit revealed otherwise. At minimum, this factual dispute precludes summary judgment. By crediting Defendant P&G's interpretation of the facts and discrediting Plaintiff Holloway's testimony, the District Court impermissibly weighed evidence and resolved credibility determinations reserved for the jury. Because Defendant P&G relied on the alleged SAFE violation as a termination rationale, this disputed factual premise goes directly to pretext.

At summary judgment, the District Court was required to accept Plaintiff Holloway's version of events and draw reasonable inferences in his favor. Instead, the District Court credited Defendant P&G's version of the facts and rejected Plaintiff Holloway's competing explanation as insufficient. That approach improperly invaded the province of the jury.

## G.    The District Court's Approach Effectively Imposed a Heightened Summary-Judgment Standard.

Taken together, the District Court's analysis imposed a burden on Plaintiff Holloway that Rule 56 does not permit. By discounting sworn testimony as "self-serving," crediting the employer's evidence, and

resolving factual disputes concerning policy application and timing, the court imposed a heightened evidentiary burden at the pretext stage.

The *McDonnell Douglas* framework does not alter the well-recognized summary-judgment standard of *Anderson v. Liberty Lobby, Inc., supra*, and Fed. R. Civ. P. 56. It is not to be applied in a "rigid," mechanized or ritualistic test." It is only a tool for assessing circumstantial evidence, not a mechanism for weighing credibility or screening cases that turn on disputed facts. *Reeves*, 530 U.S. at 142–43.

### H.     Defendant P&G Raises No Basis to Affirm Dismissal of the Whistleblower Claim.

Defendant P&G's discussion of the whistleblower claim does not warrant extended reply. Plaintiff Holloway fully briefed the District Court's legal errors and the record evidence supporting reversal of the dismissal of the La. R.S. § 23:967 claim in his opening brief. See Opening Brief at 43–47, where Plaintiff Holloway explains that the statute does not require proof of an actual violation of law occurred, that Plaintiff Holloway objected to disclosed and refused to participate in conduct which violated state law, and that genuine disputes of material fact preclude summary judgment. Defendant P&G's response largely reprises the same misstatements of law and improper summary judgment

14

standards already addressed there, and the Court is respectfully referred to Plaintiff Holloway's opening brief.

**CONCLUSION**

Viewing the evidence in the light most favorable to Plaintiff Holloway, a reasonable jury could conclude that Defendant P&G's stated reasons for termination were unworthy of credence such that an inference of discrimination or retaliation was the real motive. Because genuine disputes of material fact exist as to pretext, the District Court erred in granting summary judgment on Plaintiff Holloway's discrimination and retaliation claims. Accordingly, the judgment should be reversed and Plaintiff Holloway's discrimination and retaliation claims should be remanded for trial.

SUBMITTED BY:

*/s/ Allison A. Jones*
Allison A. Jones, Bar No. 16990
DOWNER, JONES, MARINO &
WILHITE, LLC.
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that the foregoing instrument has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure, on counsel of record and has been transmitted to the Clerk of the Court.

Shreveport, Louisiana, this 5th day of February, 2026.

By:  */s/ Allison A. Jones*
ATTORNEY FOR PLAINTIFF

16

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1: this document contains 3751 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Office 365 Word in 14-point font and Century Schoolbook.

3. THE UNDERSIGNED UNDERSTANDS A MATERIAL MISREPRESENTATION IN COMPLETION OF THIS CERTIFICATE, OR CIRCUMVENTION OF THE TYPE-VOLUME LIMITS IN Fed. R. App. P. 32(a)(7), MAY RESULT IN THE COURT'S STRIKING THE BRIEF AND IMPOSING SANCTIONS AGAINST THE PERSON SIGNING THE BRIEF.

Shreveport, Louisiana, this 5th day of February, 2026.

*/s/Allison Anne Jones*
Counsel for Plaintiff-Appellant

17